CHARLES C. FRYE, APPELLANT, *v.* CYNTHIA
M. FRYE, RESPONDENT.

No. 17650

June 25, 1987                                  738 P.2d 505

*Jacques H. Clemente,* Las Vegas, for Appellant.

*Foley & Foley,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

This case presents the question whether the doctrine of equitable adoption may be utilized to impose a duty to pay child support. We hold that, on the facts of this case, it may.

Charles and Cynthia Frye were married in 1982. Cynthia had a daughter, Amanda, by another marriage. Amanda was less than one and one-half years old when her mother married Charles, and was treated as Charles' own daughter throughout their marriage. She now perceives Charles alone as her father.

Both before and after marriage, the couple discussed whether Charles should adopt Amanda. Cynthia denies having "pressured" Charles, but Charles testified that he felt impelled to adopt the child against his will. There was, however, evidence to the contrary: On one occasion when Cynthia's mother told Charles she wanted custody of Amanda if anything happened to Cynthia, Charles—in Cynthia's absence—raised the objection that he and his wife had "been talking about" his adopting the child.

In any event, Charles went alone to hire an attorney to handle the adoption. In order to make adoption possible, he sought and effectuated a termination of the parental rights of Amanda's natural father. He knew this would leave Amanda without a father. Cynthia joined in the petition, but testified that she would not have done so had Charles not promised to adopt the child. Under Nevada law, Charles' actions left Amanda without legal recourse against her natural father for child support. State ex rel. Welfare Div. v. Vine, 99 Nev. 278, 662 P.2d 295 (1983).[1]

Charles then signed a petition to adopt Amanda, declaring that he desired to establish a parent-child relationship. However, the parties' marriage deteriorated and the legal adoption was not finalized. Charles sought a divorce, denying any obligation to support Amanda. The trial court, finding that child support was justified on a theory of equitable adoption, ordered Charles to pay $150.00 per month. Charles appeals.

The facts of the instant case clearly would be adequate to support a finding of equitable adoption in other contexts. *Cf., e.g.,* Bower v. Landa, 78 Nev. 246, 371 P.2d 657 (1962). Charles' sole contention on appeal is that the doctrine should not be extended to the realm of child support. On the peculiar facts of this case, we must disagree. Charles, with perhaps the best of motives, left Amanda without any legal father to whom she may look for financial support. There clearly was intent to adopt, and that intent was accompanied by a promise. If Charles were allowed to renege with impunity, it would be to the probable detriment of an innocent child, whose present situation is the result of justifiable reliance on the promise that a new father would replace the old. Equity cannot allow such a result.

In Sargeant v. Sargeant, 88 Nev. 223, 495 P.2d 618 (1972), this court was asked to consider whether equitable adoption would support an order, in a divorce action, to establish a trust fund for the benefit of a foster child. That, of course, is closely analogous to the child support order in the case at bar. We noted in *Sargeant* that the child's parents were living (and thus, by inference, could be compelled to provide support), 88 Nev. at 230, 495 P.2d at 622-23; there was only "inconclusive" evidence of intent to adopt, *id.;* and there had been no promise to adopt, *id.* We held that without such a promise, the doctrine of equitable adoption could not apply. Thus, *Sargeant* provided at least some indication that an order for child support could be appropriate on facts such as those here present. At least one other court is in agreement with that indication. *See* Clevenger v. Clevenger, 11

[1]At the time of Charles' and Cynthia's divorce, the natural father had been located and was gainfully employed. The trial court stated, and the parties do not deny, that there would have been continuing jurisdiction to order payment of child support if there had been no termination of parental rights.

Cal.Rptr. 707 (Dist.Ct.App. 1961). And neither party has cited, nor are we aware of, any case refusing to utilize a theory of equitable adoption to order child support on facts similar to those presented here.

We do not hold that every equitable adoption necessarily confers all the rights and obligations attendant upon full legal adoption.[2] Nor do we depart from the doctrine of *Sargeant* that one who places himself *in loco parentis* with respect to a child, without more, may terminate that status at will. However, where there is a promise to adopt, and in reasonable, foreseeable reliance on that promise a child is placed in a position where harm will result if repudiation is permitted, the courts of this state stand ready to provide such remedies as equity requires.

There has been no showing that the district court abused its discretion, either in holding the doctrine of equitable adoption applicable or in choosing the remedies to be afforded. We accordingly affirm.

GUNDERSON, C. J., and STEFFEN, YOUNG, and MOWBRAY, J.J., concur.

---

[2] The district court ordered that Amanda be allowed to use Charles' surname and that she have all lawful rights as Charles' own child. Charles has chosen to challenge only the issue of child support, and we choose not to examine the propriety of other aspects of the decree on our own motion.