[No. B032811. Second Dist., Div. Six. June 16, 1989.]

In re the Marriage of LINDA M. and JOSEPH A. TAPIA.
JOSEPH A. TAPIA, Respondent, v.
LINDA M. TAPIA, Appellant.

[Opinion certified for partial publication.*]

---

---

---

* Pursuant to rule 976.1 of the California Rules of Court this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are identified as those portions between double brackets, e.g., [[/]].

**COUNSEL**

Patrick J. Perry for Appellant.

Daniel L. Helbert for Respondent.

**OPINION**

**GILBERT, J.—** ▮ Here we hold [[/]]* that in arriving at a support order in a marital dissolution case, the court must consider the contributions made by a nonmarital partner to a party's expenses.

---

*See footnote, *ante,* page 628.

Joseph A. Tapia[1] and Linda M. Tapia dissolved their 23 year marriage. Linda appeals the order of the trial court awarding her $306 per month in spousal support.

In making its support order, the court did not take into account the nonmarital cohabitant's contribution to Joseph's household expenses. For that reason we reverse the portion of the order regarding spousal support, and remand for further proceedings.

[[/]]*

· · · · · · · · · · · · · · · · · · · · · ·

*Joseph's nonmarital partner*

At trial, Linda called as a witness Jane P., Joseph's nonmarital partner. Linda asserted that Jane P.'s income should be attributed to Joseph in arriving at his net disposable income.

Jane P. testified, inter alia, that she and Joseph have lived together for three and a half years, and that they recently purchased a residence as joint tenants. She further testified that her yearly income was between $40,000 and $50,000; that she and Joseph each pay 50 percent of all household expenses including the mortgage, property taxes, utilities and food; and that they share a joint checking account.

The trial court recognized that it must consider the income of a long-term nonmarital partner in determining the husband's ability to pay support. The court correctly concluded that Jane P.'s income should be considered to the extent that it reduces Joseph's living expenses but that it could not be used to arrive at Joseph's net disposable income.

Where an award of child support is before the court, a nonmarital partner's income must be considered insofar as that income reduces the parent's living expenses, which in turn affects the parent's ability to pay child support. (Civ. Code, § 4720, subd. (e); *Fuller* v. *Fuller* (1979) 89 Cal.App.3d 405, 410 [152 Cal.Rptr. 467].) There is no similar, express statutory requirement in calculating an award of spousal support. (But see Civ. Code, § 4801.5, establishing a rebuttable presumption of a decreased need for

---

[1] We refer to the parties by their first names, not out of disrespect, but to assist the reader.

* See footnote, *ante,* page 628.

spousal support if the supported party cohabits with a person of the opposite sex.)

Yet, it is reasonable and logical to consider a nonmarital cohabitant's income to the extent that it defrays a party's living expenses and thus his or her ability to pay spousal support. In *In re Marriage of Ramer* (1986) 187 Cal.App.3d 263 [231 Cal.Rptr. 647], the appellate court held that the earnings of a new spouse of a party to a dissolution "are considered available to defray expenses of the new community and thus obviously increase the amount available for payment of support." (At p. 272.)

As explained in *Gammell* v. *Gammell* (1979) 90 Cal.App.3d 90, 93 [153 Cal.Rptr. 169], "spousal support is determined according to the needs of both parties and the respective ability of the parties to meet those needs. [Citation.] Although the second wife's income in this case is her separate property, as a pragmatic matter this income directly or indirectly reduces the needs of the husband and it directly or indirectly affects the husband's ability to meet the needs of his former wife."

We see no reason to limit this rule to new spouses. Civil Code section 4801 provides that in making an award of spousal support, the court shall consider, inter alia, any factors which it deems just and equitable. (Civ. Code, § 4801, subd. (a)(1)(B)(10).)[2]

■ When a court assesses a party's ability to pay spousal support, it considers " ' " " 'practically everything which has a legitimate bearing upon the present and prospective matters relating to the lives of both parties.' . . . 'It [includes] the needs of the parties *and the ability of the parties to meet such needs;'* . . ." ' (*In re Marriage of Fischer* [1976] 78 Cal.App.3d 556, 563 [146 Cal.Rptr. 384] [overruled on another point in *In re Marriage of Epstein* (1979) 24 Cal.3d 76 [154 Cal.Rptr. 413, 592 P.2d 1165]].) (Italics added.)" (*Fuller* v. *Fuller, supra,* 89 Cal.App.3d at p. 411.) Such factors may include benefits in the form of gifts, receipts from parents or third parties, and income from earnings, investments, or trusts, or governmental aid.

It is no less relevant that a party's basic living expenses are defrayed because household expenses are shared with another person. The nature of the relationship between the two people is of no importance. "The existence and not the source of sums of money or services available is the relevant factor." (89 Cal.App.3d at p. 410.)

---

[2] At the time of trial, this subdivision of section 4801 was (a)(1)(B)(8). (See West's Civ. Code (compact ed. 1987) p. 719.)

■ Of course, a nonspousal partner incurs no duty to pay spousal support. The unmarried partner's property is separate, and no part of it becomes the property of the community for the purpose of calculating a party's net disposable income. Compare the rules where remarriage creates a new community. (Civ. Code, § 5120.150; and *In re Marriage of Ramer, supra,* 187 Cal.App.3d at p. 272, explaining that in determining what funds are available for spousal support from a husband and his new spouse, the court must first calculate and determine the new community's income.) The nonmarital partner assumes no duty to support the former spouse. (See *Fuller* v. *Fuller, supra,* 89 Cal.App.3d at p. 410.)

Despite the court's recognition that Jane P.'s income is relevant in determining Joseph's household expenses, the court disregarded this income to the extent it defrayed Joseph's living expenses.

In announcing its intended decision to award Linda $306 per month in support, the court expressly considered several pertinent factors. They included: the parties' respective incomes, the length of marriage, the devotion by Linda of much of her married life to raising children, Linda's lack of marketable job skills, the poor condition of her health, the drop in her standard of living since separation, and the improvement in Joseph's standard of living. (See Civ. Code, § 4801.)

Counsel for Linda asked the court if it had considered Jane P.'s income, and the court responded that it did not because "I do not believe that's appropriate."

Joseph's living expenses are significantly reduced because of Jane P.'s contribution. If one were to consider only Joseph's income and expense declaration, it shows total monthly expenses exceeding his net disposable income. This gives an inaccurate picture. Among those expenses is a $1,000 monthly mortgage payment on his home. Jane P. pays 50 percent of that monthly payment on the residence jointly held by her and Joseph.

[[/]]*

. . . . . . . . . . . . . . . . . . . .

The portion of the order concerning spousal support is reversed. The cause is remanded to the trial court for further proceedings in accordance with the opinions expressed in this decision.

---

*See footnote, *ante,* page 628.

The parties to bear their own costs upon appeal.

Stone (S. J.), P. J., and Abbe, J., concurred.