WARREN H. HOOVER, Appellant, v.
LINDA M. HOOVER, Respondent.

No. 20302

June 28, 1990                                     793 P.2d 1329

*Richard W. Young,* Reno, for Appellant.

*Steven M. Hess,* Reno, for Respondent.

## OPINION

By the Court, Springer, J.:

Warren Hoover is the father of four children, two children born to respondent Linda Hoover, and two children born later to a second wife.

Linda Hoover requested the district court to award her child support for her two children in accordance with the child support formula. The statutory "obligation for support" for two children is 25 percent of the paying parent's gross monthly income. NRS 125B.070(2)(b). The district court correctly awarded Linda the 25 percent provided in the statute.

Warren claims that this award fails to take into consideration the fact that he has two other children to support. He wants the court to apply the formula percentage for four children (31 percent) and then divide 31 percent by four to get his "per-child

rate of support."[1] There is no legislative authority for making this kind of calculation. When a custodian seeks support for a certain number of children in his or her custody, the statute clearly states what percentage of gross monthly income must be paid. The statutory schedulè sets 25 percent for two children and that is what Linda Hoover is entitled to.

This court is not blind to the public policy issues that might arise in the future relative to application of this formula in cases where several successive children are born to one child support payer. Whether all children should be treated equally or whether each successive family should receive diminished support is a matter of considerable public policy concern. The legislature, not the court, is the proper body to make these decisions. As the law now stands, when the court is to "[d]etermine the required support in any case involving the support of children," or when there is a request "to change the amount of the required support of children," the court "shall apply the appropriate formula set forth in subsection 2 of NRS 125B.070." NRS 125B.080. In carrying out the statutory mandate the courts have the power to make equitable adjustments of the formula obligation and may adjust the amount of support based on a number of factors, including the "responsibility of the parents for the support of others" NRS 125B.080(9)(e); but there is certainly no power in the courts to devise a new formula based on the number of children who happen to have been born to the paying parent at the time application of the statutory formula is sought by the receiving parent.

The judgment of the trial court is affirmed.

YOUNG, C. J., and STEFFEN, MOWBRAY and ROSE, JJ., concur.

---

[1]In support of his position, Warren cites a publication called the Nevada Civil Practice Manual, which apparently contains a formula of its own, namely that "a calculation should be based on all the children the obligor is required to support. That number is then divided by the number of children to determine the obligor's per-child rate of support."