HOWARD W. HERZ, Appellant, v. MICHELLE J. GABLER-HERZ, Respondent.

No. 19146

March 28, 1991                                    808 P.2d 1

*Petersen & Petersen,* Reno, for Appellant.

*Bryon L. Bilyeu,* Reno; *Norman Herring,* Riverside, California, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a decree of divorce and from an order denying a motion to modify the decree.

Appellant contends that the district court abused its discretion in awarding child support in the amount of $1000.00 per month for each of the two children of the marriage. Specifically, appellant contends that before a district court may depart from the statutory formulas for child support provided in NRS 125B.070, the party advocating an award in excess of the statutory amount must prove that the additional amount is necessary to meet the child's needs. We disagree.

At the time of the divorce decree, there was a presumption that the amount of child support provided under NRS 125B.070 was sufficient to meet a child's needs. NRS 125B.080(4).[1] A party could rebut that presumption by presenting evidence that a child's needs were not met by the statutory formula. *Id.* Contrary to appellant's contention, however, there was and is nothing in the applicable statutes to preclude the district court from awarding an additional amount of child support based on some factor other than increased need.

---

[1] The citations to NRS Chapter 125B refer to the statutes as they existed prior to the 1989 amendments.

The district court specifically found that the amount awarded was "fair and equitable" in light of "the vastly different incomes and financial resources of the plaintiff and defendant, and the amount of time the children will spend with each parent as a result of this decree." See NRS 125B.080(5) (district court shall set forth findings of fact as to the basis for deviating from the formula). We conclude that the district court did not abuse its discretion in making the child support award in excess of the statutory amount based on these factors. We note initially that the factors cited by the district court fall within those listed in NRS 125B.080(8) as factors that the district court should consider when adjusting the amount of child support. We further note the extensive evidence of appellant's wealth supporting the district court's findings, including appellant's income tax returns and property holdings.

Appellant contends that the district court erred by denying his motion to modify the judgment on the ground that it lacked jurisdiction over his motion. Assuming, without deciding, that the district court erred in denying appellant's motion, such error was harmless. See Barbagallo v. Barbagallo, 105 Nev. 546, 779 P.2d 532 (1989) (fixed expenses of primary custodian are not usually appreciably diminished by secondary custodian's sharing of burdens of child care and maintenance).

Having concluded that appellant's contentions lack merit, we affirm the decree of divorce and the order of the district court denying appellant's motion to modify the decree.