ROBIN PHILLIPS SCOTT, Appellant and Cross-Respondent, *v.* BRIAN H. SCOTT, Respondent and Cross-Appellant.

No. 21511

December 6, 1991                              822 P.2d 654

*Hamilton & Lynch,* Reno, for Appellant and Cross-Respondent.

*Silverman & Decaria,* Reno, for Respondent and Cross-Appellant.

## OPINION

*Per Curiam:*

Robin Phillips Scott (Robin) and Brian H. Scott (Brian) were married on July 17, 1971, and divorced on April 29, 1975. They had two children during the marriage; Angela Marie Scott was three years old at the time of the divorce, and Jessica Anne Scott was one year old. Angela has cerebral palsy and is mildly mentally retarded.

On April 2, 1975, the parties entered into a settlement agreement regarding the care, custody, control, and support of their children. Pursuant to this agreement, the district court ordered that Robin have custody of the children during their minority, that Brian have visitation rights, and that Brian pay Robin $75.00 per

child per month for support and maintenance. Later, the parties stipulated to an increase in support to $125.00 per child per month.

On August 4, 1979, Brian remarried. He and his present wife have two children. On August 22, 1988, Robin filed a motion for modification of the settlement agreement requesting, among other things, an increase in child support in accordance with NRS 125B.070, and that Brian's support of Angela be continued beyond the age of majority until she is no longer handicapped or until she becomes self-supporting, in accordance with NRS 125B.110.

On May 26, 1989, the parties entered into a stipulation providing that child support be increased from $125.00 per child per month to $175.00 per child per month and that support for Angela continue until she completes her high school education through the Washoe County School District Special Education Program. The stipulation states that Angela, a freshman at the Community Based Program at Sparks High School, may continue in the program for a minimum of four years or until she reaches age twenty-two, completes the program, or is no longer eligible for special education through Washoe County School District. On May 30, 1989, the court entered an order modifying the divorce decree and subsequent orders, based on the parties' stipulation.

On January 10, 1990, less than one year later, Robin again moved to modify the decree. She requested an increase in child support in accordance with NRS 125B.070, stressing that support should constitute twenty-five percent of Brian's gross monthly income and should include all overtime pay. Robin also moved that Brian's support payments for Angela continue beyond the age of majority, until she is no longer handicapped or becomes self-supporting, regardless of her attendance in the Washoe County School District program.

On July 19, 1990, the district court entered an order modifying the divorce decree and subsequent orders. The court found that Robin's loss of a roommate constituted a substantial change of circumstances, warranting modification of the 1989 child support agreement. With regard to the amount of support as calculated under NRS 125B.080, the court found that: (1) Brian has a current hourly wage of $18.31 per hour or $732.40 per week for an annual gross salary of $38,084.80; (2) his gross monthly salary is $3,173.73; and (3) twenty-five percent of his salary is $793.43. However, the court found that the amount of overtime was unpredictable.[1] The court stated that in light of the fact that Brian had remarried and was responsible for two additional

---

[1] Brian stated that his ability to earn overtime was continually decreasing, due to his employer's use of subcontractors.

children, it would allow a deviation from the twenty-five percent ($793.43) per month amount. The court ordered Brian to pay $600.00 per month in child support, regardless of any overtime. The court also ordered that when Jessica reaches eighteen years of age, child support will be reduced to $300.00 per month. The court concluded that Angela's support would continue until "such time that she completes her high school education through the Washoe County School District Special Education Program," and that Brian and Robin shall "use their best efforts to see that Angela Marie Scott is self-supporting either through federal assistance programs, employment or marriage."

### 1. *Substantial Change of Circumstances.*

Brian argues that the district court erred in finding a substantial change of circumstances justifying modification of the child support award. A child support award can be modified in accordance with the statutory formula, regardless of a finding of changed circumstances. Parkinson v. Parkinson, 106 Nev. 481, 483 n.1, 796 P.2d 229, 231 n.1. (1990) (citing NRS 125B.080(1)(b) and NRS 125B.080(3)). Therefore, in accordance with *Parkinson* and the applicable statute, we now review the district court's conclusion.

### 2. *Deviation from NRS 125B.070.*

Robin argues that the district court failed to comply with statutory and case law requirements because it deviated from NRS 125B.070 in determining child support. NRS 125B.080 requires the court to apply the formula set forth in NRS 125B.070(2), unless it specifically finds facts justifying a deviation. Such facts include the responsibility of the parents for the support of others, any other necessary expenses for the benefit of the child, and the relative income of both parents. *See* NRS 125B.080(9)(e), (k), and (l). We conclude that the court properly found, pursuant to NRS 125B.080, that Brian's responsibility for the support of his present wife and two children, his payment (through employee benefits) of other necessary expenses for Angela and Jessica, and the relative income of both parents constitute grounds for deviation from NRS 125B.070.

The case at bar is distinguishable from Hoover v. Hoover, 106 Nev. 388, 793 P.2d 1329 (1990), in which this court upheld the district court's award of child support to the wife in accordance with the NRS 125B.070 formula, even though the husband had

two children from a second marriage. In *Hoover,* we noted that, although the district court has discretionary power to make equitable adjustments of the formula (NRS 125B.080), it may not devise a new formula based on the number of children born to the paying parent at the time the receiving parent seeks application of the statute. In the case at bar, the district court's deviation from the statutory formula is not based only on the children from the second marriage, nor does it consist of a formula, as prohibited in *Hoover.* Rather, the decision is based on facts specifically stated in the order and substantiated by the record.

### 3. *Overtime wages as part of gross income.*

Robin argues that although Brian has consistently earned overtime in his job over the three years preceding the filing of the motion, the court erred in finding that Brian earned $38,084.80 per year and that his overtime is "unpredictable."

NRS 125B.070(1) provides that gross monthly income means the total amount of income from any source of a wage-earning employee. We conclude that overtime should be included as income, if it is substantial and can be determined accurately. If overtime is included in Brian's income, his gross annual income was approximately $45,212.00 in 1987, $41,678.00 in 1988, and $47,930.00 in 1989. Thus, his average gross annual income from all sources is approximately $44,940.00, which is significantly greater than the district court's calculation. We remand this case to the district court to reconsider its finding that Brian's overtime should not be considered in determining gross monthly income.

### 4. *Child support to a handicapped child.*

Robin argues that the district court erred in ordering that child support to Angela continue only until she completes high school, because support should continue until Angela is self-supporting. NRS 125B.110 directs that the parent's duty to support a handicapped child continues until the child is no longer handicapped or becomes self-supporting. This statute indicates a strong public policy that cannot be vitiated by stipulation or agreement of the parties. The district court's order setting the termination time of Angela's support was based on a stipulation of the parties. To the extent the stipulation and order were inconsistent with NRS 125B.110, they are of no effect and do not bind the parties. Therefore, we remand this issue to the district court for findings consistent with NRS 125B.110.

### 5. *Reducing child support by one-half.*

Robin argues that the district court erred in directing that the support obligation be reduced by one-half, from $600.00 to $300.00, upon Jessica's reaching majority. The statutory formula set forth in NRS 125B.070(2) requires that the party providing child support pay eighteen percent of his or her gross income for one child, and twenty-five percent for two children. Therefore, we conclude that Angela should receive eighteen percent of Brian's gross monthly income, rather than one-half of twenty-five percent (or, twelve and one-half percent).

### 6. *Conclusion.*

We remand this case back to the district court for the following determinations: (1) the amount of overtime to be included in Brian's gross income, pursuant to NRS 125B.070; (2) the amount of continued support Angela is to receive pursuant to NRS 125B.110; and (3) a calculation of eighteen percent of Brian's gross income, pursuant to NRS 125B.070, to support Angela upon Jessica's reaching majority.