TARA NICOLE CHAMBERS, BY ARLENE COCHRAN, GUARDIAN AD LITEM, APPELLANT/CROSS-RESPONDENT, *v.* JAY WILLIAM SANDERSON, RESPONDENT/CROSS-APPELLANT.

No. 21854

December 6, 1991                    822 P.2d 657

*Kevin M. Kelly,* Las Vegas, for Appellant/Cross-Respondent.

*Kevin C. Sewell,* Las Vegas, for Respondent/Cross-Appellant.

## OPINION

*Per Curiam:*

On July 21, 1989, appellant Tara Nicole Chambers, through her guardian ad litem, filed a "complaint to establish paternity and compel support." In her complaint, Tara named Jay William Sanderson as her presumed father. On August 28, 1990, the district court entered an order awarding partial summary judgment to Tara and declaring Sanderson to be Tara's father. The district court further granted Tara's motion for discovery, ordered Sanderson to execute an IRS release for his income tax returns of the previous three years, and awarded $500.00 per month temporary child support. When Sanderson refused to sign the IRS release, Tara filed a motion for sanctions and an application for an order to show cause why Sanderson's counsel should not be held in contempt. The court subsequently issued the requested order to show cause. Following the hearing on the order to show cause, the district court reversed its previous order regarding release of the income tax returns and made the $500.00 per month child support award permanent. This appeal and cross-appeal followed.

On appeal, Tara contends that the district court erred in rescinding its order directing disclosure of Sanderson's income tax returns, and by setting a permanent child support award without conducting a hearing on the matter. The district court acted from the assumption that a child support award can be adjusted beyond the $500 per month maximum provided in NRS 125B.070(2) only on a showing that the needs of a particular child are not met by that amount. The district court concluded that because Sanderson's financial condition was not relevant to Tara's needs, there was no reason to allow discovery regarding that condition.

This issue has been resolved in a recent opinion in which we held that "there was and is nothing in the applicable statutes to preclude the district court from awarding an additional amount of child support based on some factor other than increased need." Herz v. Gabler-Herz, 107 Nev. 117, 118, 808 P.2d 1, 1 (1991). Although one of the relevant statutes referred to above has been amended since the divorce decree in *Herz,* the change is immaterial to the present issue.[1] Among the factors which the district

---

[1] In 1989, NRS 125B.080 was amended to include a new subsection 2, and all of the subsequent subsections were renumbered. We note that despite this change, the reference to NRS 125B.080(5) in NRS 125B.070(2)(e) was not altered to reflect the new numbering of the subsections. This appears to have been an oversight on the part of the legislature.

court must consider "when adjusting the amount of support of a child upon specific findings of fact" is "[t]he relative income of both parents." NRS 125B.080(9)(1). Thus, in denying Tara discovery and a hearing on the basis on which it did, the district court erred.

In his cross-appeal, Sanderson presents several contentions, all of which are without merit. Sanderson begins by contending that the district court lacked subject matter jurisdiction. Specifically, Sanderson claims that NRS 126.091 limits jurisdiction of the district court to those paternity actions where the predicate act of sexual intercourse occurred in Nevada. Sanderson bases his claim on NRS 126.091(2), which provides:

> A person who has sexual intercourse in this state thereby submits to the jurisdiction of the courts of this state as to an action brought under this chapter with respect to a child who may have been conceived by that act of intercourse. In addition to any other method provided by law, personal jurisdiction may be acquired by personal service of summons outside this state or by registered mail with proof of actual receipt.

The plain meaning of the statute is unmistakable. NRS 126.091(2) deals with personal jurisdiction and in no way limits the subject matter jurisdiction of the district court.

Sanderson contends that the district court erred by granting Tara summary judgment on the issue of paternity. Specifically, Sanderson claims that the district court erred in relying on the two blood tests attached to Tara's motion for partial summary judgment, because although the tests were certified, they were not in affidavit form. *See* NRCP 56(e). Again, the plain meaning of the rule is beyond debate. NRCP 56(e) establishes the form for affidavits supporting or opposing a motion for summary judgment. Contrary to Sanderson's implication, however, NRCP 56(e) does not mandate that all evidence accompanying a motion for summary judgment be in affidavit form.

Sanderson contends that the district court erred in granting summary judgment because a genuine issue of material fact remained. Specifically, Sanderson claims that because the results of the blood tests do not state affirmatively that he is the father, they demonstrate a genuine issue as to the ultimate fact of the case.

NRCP 56(e) provides in pertinent part:

> When a motion for summary judgment is made and sup-

> ported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

In support of her motion for partial summary judgment, Tara presented the results of two blood tests, each of which showed that there was more than a 98 percent chance that Sanderson was Tara's father. In addition, Tara's mother, Kelly Chambers, submitted an affidavit that she engaged in sexual relations with Sanderson during the probable period of Tara's conception. In response, Sanderson submitted nothing. Sanderson presented no affidavits, and did not deny parentage. Because Sanderson failed to present any evidence in response to appellant's motion, the district court correctly granted partial summary judgment.

Sanderson contends that because Chambers failed to comply with his wish to abort the child or give it up for adoption, Chambers assumed full responsibility for raising Tara. Sanderson further claims that he does not fall within the categories of presumed paternity under NRS 126.051, and that Chambers therefore "could not have had a realistic expectation" that Sanderson would have a parental relationship with Tara. Sanderson admits that there is no Nevada case law directly addressing the issue, but cites two cases which he claims tend to support his argument. *See* Szekeres v. Robinson, 102 Nev. 93, 715 P.2d 1076 (1986); Frye v. Frye, 103 Nev. 301, 738 P.2d 505 (1987). This contention is not only meritless, it is frivolous. Contrary to Sanderson's argument, *Szekeres* does not stand for the proposition that the father of a fetus has a constitutional right to demand that it be aborted. Further, the principle of equitable adoption recognized in *Frye* is inapplicable to the current case.

Sanderson's final contention is that the district court erred by taking his financial situation into account when calculating its award of child support. Sanderson states that the "financial ability of Jay William Sanderson is truly irrelevant to support of Tara Nicole Chambers." This unsupported contention is completely untenable. The legislature has declared in NRS 125B.020(1) that, "[t]he parents of a child . . . have a duty to provide the child necessary maintenance, health care, education and support." Under NRS 125B.070(2), this obligation for support is to be based on a percentage of the noncustodial parent's

gross monthly income, with a rebuttable maximum of $500.00 per month.

Having concluded that the district court erred in denying Tara discovery of Sanderson's income and in establishing a permanent child support award without allowing Tara an opportunity to argue for an award in excess of the $500.00 maximum pursuant to NRS 125B.070(2)(e), we reverse the permanent child support award and remand this case to the district court for further proceedings consistent with this opinion.