SHARIF M. KHALDY, Appellant, v. YVONNE J. KHALDY, Respondent.

25997

March 30, 1995            892 P.2d 584

*Bruce I. Shapiro*, Las Vegas, for Appellant.

*Mark A. Jenkin*, Las Vegas, for Respondent.

---

## OPINION

*Per Curiam:*

Pursuant to a divorce decree, respondent Yvonne Khaldy was awarded custody of her son Karim. Appellant Sharif M. Khaldy was ordered to pay $200.00 per month in child support, pursuant to a settlement agreement. Sharif made his support payments regularly. Yvonne later voluntarily relinquished custody of Karim, and Sharif filed an action to formalize this *de facto* change of custody. The district court awarded Sharif custody of Karim and ordered Yvonne to pay only $200.00 per month child support. The support award was made even though, pursuant to NRS 125B.070(1)(b), Yvonne should have been ordered to pay $395.00 per month.[1] The district court further ordered that Yvonne's support obligation would not begin for one year from the time of the order because Sharif had not voluntarily increased his support payments to Yvonne to reflect an increase in his salary.

Sharif appeals, arguing that the district court erred because (1) child support must be set in conformance with the statutory guidelines, and (2) suspending Yvonne's child support obligation for one year because Sharif failed to voluntarily increase his child support payments beyond the existing court order, was an improper retroactive modification of a previous child support order. We agree. Accordingly, we reverse the district court's judgment as to Yvonne's child support obligation and remand the case so that the district court may make a child support award pursuant to the statutory guidelines.

---

[1] NRS 125B.070(1) provides that "(b) 'Obligation of support' means the amount determined according to the following schedule: (1) For one child, 18 percent . . . of a parent's gross monthly income." The district court found that Yvonne's gross monthly income was $2,199.88.

NRS 125B.080(6) requires that a district court make specific findings of fact when it deviates from the child support formula set forth in NRS 125B.070(1)(b). NRS 125B.080(9) limits the factors a court may consider when it deviates from the formula.[2]

In the case at bar, the district court did not consider the statutory factors for deviation. Instead, the district court deviated from the formula because it reasoned "that although [Sharif] paid $200.00 per month in child support pursuant to the Decree of Divorce, [] he should have voluntarily begun paying 18% of his gross monthly income when his income increased."

At the hearing, the district court judge stated, "I guess I'm trying to be equitable in this case . . . . Pursuant to Scott, I'm giving her a break." Presumably, the judge was referring to Scott v. Scott, 107 Nev. 837, 822 P.2d 654 (1991). It is unclear how *Scott* supports the judge's ruling, since *Scott* stands for the proposition that a judge may deviate from the formula, but such deviation must be based on the factors in NRS 125B.080(9). The district court judge did not base her "equitable" adjustment of Yvonne's support on any of the statutory factors, but instead on the fact that Sharif had been arguably paying less support than required by statute. Although this court has allowed trial judges to make equitable adjustments to support awards, such equitable adjustments have always been tied to the factors in NRS 125B.080(9). *See, e.g.,* Westgate v. Westgate, 110 Nev. 1377, 887 P.2d 737 (1994); Lewis v. Hicks, 108 Nev. 1107, 1111, 843 P.2d 828, 831 (1992). Equitable principles alone are simply

---

[2]NRS 125B.080(9) states:

The court shall consider the following factors when adjusting the amount of support of a child upon specific findings of fact:
(a) The cost of health insurance;
(b) The cost of child care;
(c) Any special educational needs of the child;
(d) The age of the child;
(e) The responsibility of the parents for the support of others;
(f) The value of services contributed by either parent;
(g) Any public assistance paid to support the child;
(h) Any expenses reasonably related to the mother's pregnancy and confinement;
(i) The cost of transportation of the child to and from visitation if the custodial parent moved with the child from the jurisdiction of the court which ordered the support and the noncustodial parent remained;
(j) The amount of time the child spends with each parent;
(k) Any other necessary expenses for the benefit of the child; and
(l) The relative income of both parents.

insufficient. The district court may use equitable principles in considering a deviation, as long as the deviation is *based* on one of the factors enumerated in NRS 125B.080(9).

The district court also suspended Yvonne's support obligation because Sharif failed to increase his payments beyond the original decree and order of support. The order signed by the district court states, in relevant part:

> The Court further finds that although [Sharif] paid $200.00 per month in child support pursuant to the Decree of Divorce, that he should have voluntarily begun paying 18% of his gross monthly income when his income increased. *Based on the fact that [Sharif] did not voluntarily pay support in excess of the Decree of Divorce,* [Yvonne] should be relieved of her child support obligation of $395.00 (18% of [Yvonne's] gross monthly income of $2,199.88) for the next 12 months, thereafter, [Yvonne] should pay child support of $200.00 per month.

(Emphasis added.) Sharif argues that the district court's refusal to impose a support obligation on Yvonne is an improper retroactive modification of the previous order.

Nevada case law clearly prohibits retroactive modification of a support order. "Payments once accrued for either alimony or support of children become vested rights and cannot thereafter be modified or voided." Day v. Day, 82 Nev. 317, 320-321, 417 P.2d 914, 916 (1966); *see also* Ramacciotti v. Ramacciotti, 106 Nev. 529, 795 P.2d 988 (1990).

In this case, the district court penalized Sharif for not paying more than the $200.00 ordered by the divorce decree and effectively modified the original decree retroactively. Although it might be desirable for a child support obligor to raise voluntarily his/her child support payments beyond that ordered by the district court, it is unrealistic to expect such behavior and unfair to penalize the obligor for failing to live up to this ideal. The mere fact that a child support obligor makes regular payments of the amount ordered by the court shows a sense of responsibility and good faith which is unfortunately lacking in many non-custodial parents. We point out that Sharif had been complying with a valid court order of support in paying $200.00 per month. Yvonne's remedy for Sharif's alleged underpayment would have been to move for modification of the support order, based on changed circumstances (*i.e.,* Sharif's increased income) or based on the

periodic review provided by statute.[3] The judge's finding that Yvonne should be relieved of her support obligation for a year was an improper retroactive modification of the original divorce decree.

Nevada law clearly requires that child support awards must conform to the statutory guidelines. Nevada law also prohibits the retroactive modification of a support obligation. We therefore reverse the district court's judgment as to Yvonne's child support obligation and remand the case so that the district court may make a child support award pursuant to the statutory guidelines.

---

[3]NRS 125B.145(2) allows that "[a]n order for the support of a child may be reviewed at any time on the basis of changed circumstances." Additionally, NRS 125B.145(1) allows for a review of a support order every three years "upon the filing of a request for review by: . . . (b) A parent or legal guardian of the child."