An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

NAKIA WOODSON,
Appellant,
vs.
DONALD K. BARNES,
Respondent.

No. 64292

**FILED**

JUL 22 2015


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order in a child custody and support action that modified child support. Eighth Judicial District Court, Family Court Division, Clark County; Vincent Ochoa, Judge.

The parties were never married and have one child together. Appellant filed a motion to modify child support, and the court increased child support but denied appellant's request for an upward deviation from the statutory maximum. Appellant then filed a motion for reconsideration as to the denial of an upward deviation in future child support and requested a retroactive increase in respondent's support obligation since the child's birth. The district court granted appellant's motion in part and ordered respondent to pay $894 per month in child support, which included a $100 per month upward deviation from the statutory maximum support. In its order, the district court addressed the procedural history of the matter and respondent's child support obligation since the child's birth, but did not order a retroactive increase in child support. This appeal followed.

Having reviewed the parties' briefs and the record on appeal, we conclude that the district court did not abuse its discretion in denying appellant's request to retroactively modify respondent's child support

15-22250

obligation or in failing to award a greater upward deviation for child support. *See Wallace v. Wallace,* 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (explaining that this court reviews a child support order for an abuse of discretion); *see also Khaldy v. Khaldy,* 111 Nev. 374, 377, 892 P.2d 584, 586 (1995) ("Payments once accrued for either alimony or support of children become vested rights and cannot thereafter be modified or voided.") (internal quotation omitted)). We further conclude that the district court did not abuse its discretion in denying appellant's request for attorney fees under NRS 18.010 or NRS 125B.140(2)(c)(2), which allows an attorney fees award in an order enforcing child support, not modifying child support. *See Miller v. Wilfong,* 121 Nev. 619, 622, 119 P.3d 727, 729 (2005) (explaining that this court reviews the district court's decision regarding attorney fees for an abuse of discretion). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Vincent Ochoa, District Judge
Carolyn Worrell, Settlement Judge
Patricia A. Marr
Warren G. Freeman
Eighth District Court Clerk

---

[1]To the extent appellant's arguments are not addressed in this order, we conclude they lack merit.