# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBINAH NAKIMERA,
Appellant,
vs.
DARREN MCHENRY FIELDS,
Respondent.

No. 74208

FILED

FEB 22 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a motion to modify child support. Eighth Judicial District Court, Family Court Division, Clark County; T. Arthur Ritchie, Jr., Judge.

Appellant Robinah Nakimera and respondent Darren McHenry Fields have one minor child together and divorced shortly after the child was born. Pursuant to the parties' divorce decree, Fields was ordered to pay the then-statutory maximum award of child support based on his income at the time of the divorce. Thereafter, the child was diagnosed with severe Autism Spectrum Disorder (ASD), necessitating specialized treatment and behavioral and developmental therapy. Alleging these special needs warranted an upward deviation from the original child support order, Nakimera moved the district court for a modification of child support beyond the statutory presumptive maximum amount. Nakimera also requested the court to order Fields to reimburse her for various expenses associated with the child's treatment for ASD, and requested the district court to establish the need for child support beyond the age of majority. The district court granted Nakimera's request in part and denied it in part, ordering Fields to reimburse her for services not covered by medical insurance, but declining to order Fields to pay child support beyond the statutory presumptive maximum amount. Nakimera challenges the district

SUPREME COURT
OF
NEVADA

(O) 1947A

*19-08243*

court's order, arguing the court abused its discretion in failing to adequately consider the child's special needs. For the reasons set forth herein, we conclude the district court did not abuse its discretion in declining to award child support in excess of the statutory presumptive maximum amount.

"Matters of . . . support of minor children of parties to a divorce action rest in the sound discretion of the trial court, the exercise of which will not be disturbed on appeal unless clearly abused." *Miller v. Miller*, 134 Nev., Adv. Op. 16, 412 P.3d 1081, 1085 (2018) (internal quotation marks omitted). "We review a district court's child support determination for abuse of discretion and will uphold the district court's determination if it is supported by substantial evidence." *Id.* (internal quotation marks omitted). In determining the appropriate amount of child support, "the district court must follow the statutory guidelines when calculating the initial support award and when deviating from the statutory calculations." *Id.*

Former NRS 125B.070(1)(b)[1] establishes a formula a court must apply in determining the appropriate amount of child support, and provides a presumptive maximum amount of support that can be ordered per month per child. NRS 125B.080(6) permits a district court to deviate from the statutory formula, but requires the court to set forth specific findings of fact justifying any such deviation. We have consistently held "that in light of the clear legislative mandate in NRS 125B.080(6), the district court must

---

[1]We note that Assembly Bill 278, enacted by the Legislature in 2017, repealed the statutory framework for calculating child support as outlined in NRS 125B.070 and NRS 125B.080. *See* 2017 Nev. Stat., ch. 371, § 13, at 2292; 2017 Nev. Stat., ch. 371, § 2, at 2284-85. Our discussion here is based on the statutes in effect at the time the underlying action was commenced, and we recognize that the framework may change in accordance with the provisions of A.B. 278.

make specific findings of fact in order to justify a deviation from the statutory formula in setting a child support award." *Jackson v. Jackson,* 111 Nev. 1551, 1554, 907 P.2d 990, 992 (1995); *see also Rivero v. Rivero,* 125 Nev. 410, 438, 216 P.3d 213, 232 (2009) ("[T]he [district] court must expressly set forth its findings of fact to support its decision" to deviate from the statutory formula.).

In the instant case, Nakimera moved the district court for an upward deviation from the statutory formula for calculating child support, based primarily on alleged special education costs associated with a special therapeutic boarding school for children with autism. Specifically, Nakimera asserted in her motion that she identified a special boarding school with an annual tuition cost of approximately $54,000, and that Fields should be ordered to contribute to these tuition costs. Nakimera failed, however, to provide any documentation to the district court substantiating these costs. Nowhere in the record is the name or location of the school apparent, nor are the specific services offered by the school outlined. Although Nakimera claimed to have been offered financial assistance for the school's tuition costs, no documentation as to this offer was included in the record. Without such basic information regarding the special therapeutic school and the alleged costs associated with it, the district court lacked the required factual basis to support a deviation from the statutory formula. Indeed, the district court's order indicated that the lack of specificity regarding Nakimera's alleged special education expenses factored into its decision not to deviate from the statutory formula. It would be difficult, to say the least, for the district court to articulate "specific findings of fact," *Jackson,* 111 Nev. at 1554, 907 P.2d at 992, regarding tuition costs for a special education institution that is unidentified in the

 

record, and about which basic factual details were not substantiated. Without specific evidence to support Nakimera's claims about the special therapeutic school and its tuition costs, the district court lacked the information necessary to make specific findings of fact to justify exceeding the statutory presumptive maximum amount of child support. In light of this absence of required information, we conclude the district court did not abuse its discretion in declining to deviate from the formula.

In addition to the alleged special education tuition costs, Nakimera also based her request for an upward deviation on other costs and expenses for which she provided ample documentation. While this documentation demonstrates that the child has considerable needs associated with a severe developmental disorder, we have held that orders of child support must balance the needs of a minor child with an obligor parent's ability to pay: "The formula and guideline statutes are not designed to produce the highest award possible but rather a child support order that is adequate to the child's needs . . . and set at levels that can be met without impoverishing the obligor parent . . . ." *Fernandez v. Fernandez*, 126 Nev. 28, 37, 222 P.3d 1031, 1037 (2010). This analysis is informed by evaluating whether the child is "being taken care of as well as possible under the financial circumstances in which the two parents find themselves." *Barbagallo v. Barbagallo*, 105 Nev. 546, 551, 779 P.2d 532, 536 (1989), *partially overruled on other grounds by Wright v. Osburn*, 114 Nev. 1367, 1368-69, 970 P.2d 1071, 1072 (1998).

The district court here set forth specific factual findings regarding Fields's ability to pay and accordingly awarded Nakimera the statutory presumptive maximum amount of $837.00 per month based on Fields's income. The district court noted that Fields's income had not



changed significantly since the parties' divorce, and also noted Nakimera's income and financial capacity to consider incurring additional expenses that may be beneficial to the child. Moreover, the district court specifically allowed for the possibility of a modification in the future, and indicated that any such modification would be based on both parties' financial circumstances. Accordingly, we are not persuaded that the district court abused its discretion by declining to order an award of support beyond what it found Fields was able to pay.

Finally, Nakimera argues the district court should have considered equitable factors aside from those enumerated in NRS 125B.080(9) in ordering an award beyond the statutory presumptive maximum amount to cover special education expenses. Nakimera did not raise this argument in district court, but instead urged the court to award an upward deviation specifically based on NRS 125B.080(9)'s enumerated factors. Although Nakimera did not present an equitable factors argument in the proceedings below, and we are not compelled to address it here, *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981), we note that Nakimera's position appears to be based on a misapplication of a New Hampshire Supreme Court decision. Nakimera principally cites for support *In Re Barrett*, 841 A.2d 74, 78 (N.H. 2004), which she argues should have guided the district court here. In fact, that decision is consistent with our precedent in that it requires a determination of an obligor's ability to pay when deciding whether to order a noncustodial parent to contribute to the private education of a minor child. *Id.* The New Hampshire Supreme Court held that when deviating from a statutory child support formula to require a noncustodial parent to contribute to private education expenses, a trial court must find that "the child has a demonstrated special need *and* the

 

non-custodial parent has an ability to pay" for the expenses. *Id.* (emphasis added) (internal quotation marks omitted). As discussed above, the district court's order explicitly considered whether Fields had the ability to pay for the child's alleged special education expenses, and concluded that Fields's income was insufficient to justify obligating him to contribute to those alleged costs.

We conclude the district court correctly evaluated the financial circumstances of the parties in balancing the needs of the child with Fields's ability to pay the statutory presumptive maximum amount of child support. The district court's order permits Nakimera to make another request for a modification in the future, so long as the purported costs necessitating the modification are specified. Accordingly, the district court's decision does not constitute a clear abuse of discretion, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:    Hon. T. Arthur Ritchie, Jr., District Judge, Family Court Division
Robert E. Gaston, Settlement Judge
Pecos Law Group
Darren McHenry Fields
Eighth District Court Clerk

