THE PEOPLE *ex rel.* MARJORIE BROWNING, Plaintiff-Appellant, v. NORMAN MELTON, JR., Defendant-Appellee.

Fifth District   No. 5—87—0700

Opinion filed March 9, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Karen Konieczny, Special Assistant Attorney General, of Chicago, of counsel), for appellant.

No brief filed for appellee.

JUSTICE HOWERTON delivered the opinion of the court:

The People of the State of Illinois sued defendant under section 10—10 of the Illinois Public Aid Code (Public Aid Code) to recover the public aid money that had been paid to Robert Melton, defendant's minor son, for Robert's support. Ill. Rev. Stat. 1987, ch. 23, par. 10—10.

The circuit court refused to apply the guidelines contained in section 505 of the Illinois Marriage and Dissolution of Marriage Act (the Dissolution Act) when the amount of the support was determined. (Ill. Rev. Stat. 1985, ch. 40, par. 505.) The circuit court found that the guidelines did not apply to proceedings brought under the Public Aid Code.

The People appeal that ruling.

We, therefore, are presented with the question of whether the guidelines for determining support contained in the Dissolution Act must be followed when a court determines support in cases brought under the Public Aid Code.

We hold they do.

■■ The Public Aid Code provides that an action may be brought to recover aid granted during the period support was not provided and to obtain future support.

In determining the amount of support, the Public Aid Code provides, "[t]he court shall determine the amount of child support by using the guidelines and standards set forth in subsection (a) of Section 505 of the Illinois Marriage and Dissolution of Marriage Act." Ill. Rev. Stat. 1987, ch. 23, par. 10—10.

Although there is no case on point, we have benefit of reasoning provided by the supreme court of Illinois in *People ex rel. Sheppard v. Money* (1988), 124 Ill. 2d 265, 529 N.E.2d 542. The supreme court decided *Sheppard* after the circuit court entered its order in this case.

*Sheppard* was brought under the Illinois Parentage Act of 1984 (Parentage Act) (Ill. Rev. Stat. 1987, ch. 40, par. 2501 *et seq.*).

The Parentage Act provided that the guidelines contained in the Dissolution Act "shall" apply to determinations of support in cases brought under the Parentage Act. (Ill. Rev. Stat. 1987, ch. 40, par. 2514(a).) *Sheppard* held that use of the guidelines for determining support contained in the Dissolution Act was mandatory in cases brought for support under the Parentage Act. 124 Ill. 2d at 286, 529 N.E.2d at 552.

*Sheppard* was statutory construction.

■ The word "shall" usually indicates a mandatory obligation unless the statute indicates otherwise. *People v. Gerke* (1988), 123 Ill. 2d 85, 525 N.E.2d 68.

We believe that the same reasoning should apply to cases brought under the Public Aid Code.

The Parentage Act says the support guidelines contained in the Dissolution Act "shall" be used to determine support in cases brought under the Parentage Act. Ill. Rev. Stat. 1987, ch. 40, par. 2514(a).

■ The Public Aid Code says the support guidelines contained in the Dissolution Act "shall" be used to determine support cases brought under the Public Aid Code. Ill. Rev. Stat. 1987, ch. 23, par. 10—10.

The wording is identical, the statutes parallel.

Furthermore, both have a common purpose. Both announce a firm policy that parents are to support their children. Both provide a method to enforce that policy. Since there is a common purpose, there is no reason to stray from the supreme court's rationale in *Sheppard*.

■ The guidelines for determining support contained in the Dissolution Act apply to cases for support brought under the Public Aid Code.

Although these guidelines apply, a court need not follow these guidelines in all cases. In appropriate cases, the trial court may enter an order for support in an amount less than that prescribed in the Dissolution Act. However, in that instance, the court must enter express findings upon which the deviation rests. Ill. Rev. Stat. 1985, ch. 40, par. 505.

■ In this case, the circuit court found that even if the guidelines applied, the defendant's financial circumstances required the entry of an order for support in an amount less than the guidelines, because "the circumstances of the defendant are broader in scope than just the needs of Robert Melton in that demands are placed upon defendant from other jurisdictions for other children and for debts other than the standard debts of his personal household, and the child support guidelines shall not control in determining the amount of support."

We do not believe that these are the types of express findings contemplated by the Dissolution Act.

This case, therefore, is reversed and remanded for rehearing.

Reversed and remanded with directions.

HARRISON and GOLDENHERSH, JJ., concur.