(780 P.2d 171)

No. 63,507

STATE OF KANSAS *ex rel.* DONNA DIX, *Appellee,* v. TODD PLANK, *Appellant.*

Opinion filed October 6, 1989.

*Steven L. Opat,* of Harper, Hornbaker & Altenhofen, Chartered, of Junction City, and *Robert C. Johnson,* of Herington, for appellant.

*R. E. Miller,* of Miller & Miller, of Emporia, for appellee.

Before BRAZIL, P.J., REES, J., and JOHN C. GARIGLIETTI, District Judge, assigned.

BRAZIL, J.: Todd Plank appeals the district court's order to modify his child support payments. The order, which raised the monthly payments from $150 to $408, is based upon Administrative Order 59 (1988 Kan. Ct. R. Annot. 54), commonly known as the Kansas Child Support Guidelines adopted in compliance with K.S.A. 20-165. We affirm.

On April 10, 1984, Todd Plank acknowledged and stipulated in a settlement agreement that he is the father of T.S.D., a minor child born to Donna Dix on December 20, 1981. Plank also agreed to pay $150 per month child support and to provide T.S.D.'s medical health insurance either under Plank's railroad employment plan or other group employment insurance should he leave the railroad. Plank did not request visitation privileges.

On December 13, 1988, Dix filed a motion to review child support based on Administrative Order 59. After completing Worksheet A from the guidelines, Dix requested the monthly support payment be increased to $508.

Plank acknowledged there should be an increase in support, but testified the amount of increase should be $55.74 for a total payment of $205.74. Plank had also used Worksheet A to determine this amount. He testified that he had calculated the cost of supporting his present wife and child of that marriage using the guideline schedules and had reduced his gross income by that amount.

The court, after consideration of the evidence, found that supplemental considerations should be applied and increased the sum of support from $150 to $408.

1. Material change in circumstances.

Plank argues that the court erroneously considered Administrative Order 59 to be a material change in circumstances which warranted modification of child support. Plank further contends that K.S.A. 1988 Supp. 60-1610(a)(1) requires that a showing of material change be filed in child support cases. He also argues that this statutory requirement was incorporated into Administrative Order 59 and that, in order to justify a modification of an existing order, the movant must demonstrate a material change in circumstances. Plank contends no change was demonstrated.

Plank's reliance upon the language of K.S.A. 1988 Supp. 60-1610 is misplaced. That statute applies to child support orders in divorce proceedings. Plank and Dix were never married. This action, which resulted in the 1984 settlement agreement, was filed pursuant to Chapter 38 of the Kansas Statutes Annotated. K.S.A. 1988 Supp. 38-1121 provides:

"(a) The judgment or order of the court determining the existence or nonexistence of the parent and child relationship is determinative for all purposes.

. . . .

"(c) Upon adjudging that a party is the parent of a minor child, the court shall make provision for support and education of the child including the necessary medical expenses incident to the birth of the child. The court may order the support and education expenses to be paid by either or both parents for the minor child. . . . The court may at any time during the minority of the child prospectively modify or change the order of support as required by the best interest of the child. The court shall enter such orders regarding custody and visitation as the court considers to be in the best interest of the child.

. . . .

"(e) In determining the amount to be paid by a parent for support of the child and the period during which the duty of support is owed, a court enforcing the obligation of support shall consider all relevant facts including, but not limited to, the following:

(1) The needs of the child.

(2) The standards of living and circumstances of the parents.
(3) The relative financial means of the parents.
(4) The earning ability of the parents.
(5) The need and capacity of the child for education.
(6) The age of the child.
(7) The financial resources and the earning ability of the child.
(8) The responsibility of the parents for the support of others.
(9) The value of services contributed by the custodial parent."

On April 10, 1984, Plank stipulated that he was the father of T.S.D. All matters relating to support for the child, therefore, come under the Kansas Parentage Act, K.S.A. 38-1110 *et seq.*, and the continuing jurisdiction of the district court.

The language of K.S.A. 1988 Supp. 38-1121(c) clearly states the court may make modifications in the support order at any time based on the best interest of the child. This standard for modification is different than the material change in circumstances standard of K.S.A. 1988 Supp. 60-1610(a)(1). In addition, K.S.A. 1988 Supp. 38-1121(e) lists relevant factors to be considered in awarding support. These specifically include the age of the child and the earning ability of the parents, considerations not listed in K.S.A. 1988 Supp. 60-1610(a)(1).

In any event, Plank is precluded from raising the issue of material change in circumstances on appeal. It is well settled that an issue not objected to at trial will not be heard on appeal. *Kansas Dept. of Revenue v. Coca Cola Co.*, 240 Kan. 548, 552, 731 P.2d 273 (1987). No reference to a timely objection on the issue of material change in circumstances can be found in the record. While counsel for Plank and the court disagreed on the relevancy of some questions, counsel did not object to the court's ruling on that issue or any other. As noted above, Plank acknowledged there should be an increase in support but testified that it should be raised to only $205.74, using his Worksheet A to determine this amount.

2. Abuse of discretion.

Plank contends the trial court erred: (a) in finding a material change in circumstances because his income had not increased; (b) in finding that, based on the evidence, Administrative Order 59 "controls" the matter; and (c) in misreading the guidelines when it ruled that the guidelines make no provision for the support of others.

Plank argues that the court presumed his income had in-

creased and thereby abused its discretion in finding a material change in circumstances. The record, however, gives no indication the court made such a presumption or such a finding. Plank's argument concerning the controlling nature of Administrative Order 59 is difficult to follow but seems to rest on his assertion that the court failed to recognize his inability to pay. However, in the court's findings, it correctly stated Plank's financial resources and obligations.

Finally, Plank argues that the court erred in failing to use his computation for subtracting support for his wife and their child from his gross income on Worksheet A. He further complains the court failed to state what supplemental considerations it took into account when reducing the request for support from $508 to $408.

In its conclusions of law at paragraph four, the trial court ruled: "[Plank] may not, under Administrative Order 59, reduce his gross income by deducting a sum therefrom for the support of his child living at home and for the support of his employed wife." Although Plank's Worksheet A has not been included in the record on appeal, a reading of the transcript indicates that Plank was attempting to deduct $699 from his monthly gross income by inserting that figure on line 2 of the Worksheet relating to pre-existing support obligations.

In the explanation of Worksheet A, Administrative Order 59 provides: "Pre-existing child support obligations *in other cases* shall be deducted from the obligor's gross income to the extent that these support obligations are actually paid." (Emphasis added.) (1988 Kan. Ct. R. Annot. at 57.) The trial court was correct in not allowing Plank to deduct the support of his present wife and the child of that marriage from his gross monthly income. Such obligation did not pre-exist his child support obligation in this case and was not a court-ordered obligation.

Factors to consider on line 11 of Worksheet A as supplemental child support considerations are:

"1. Needs of the child
    a. Uninsured health care
    b. Special school needs
    c. Financial resources and needs of the child
"2. The overall financial circumstances and need of both parents
    a. Visitation expenses
    b. Adjustments for extended visitation

c. Shared physical custody
d. Responsibility for support of others
e. Tax considerations
f. Residence with a third party
g. The value of services contributed by the parents
h. Other relevant factors." (1988 Kan. Ct. R. Annot. at 56.)

Any obligation to support his present wife and the child of that marriage would properly be considered under § 2(d), "Responsibility for support of others." The court heard testimony from Dix, Plank, and his current wife concerning income, living expenses, debts, and other financial matters. Additionally, there was testimony concerning T.S.D.'s health, which indicated he had been susceptible to pneumonia and had been operated on twice, once on his feet and once on his ears. Dix testified T.S.D. had emotional problems, and Dix wished she could send the child to a church school for help in this area. In addition, because of Dix's work schedule, T.S.D.'s daycare/babysitting costs a minimum of $3.47 a day during the school year but increases substantially during the summer. The court also heard and considered evidence from Dix on the preparation of Worksheet A and the Rule 139 (1988 Kan. Ct. R. Annot. 87) financial statement. In addition, Plank testified about the support obligation for his present wife and the child of that marriage.

The record shows the court determined that Administrative Order 59 applied to the case. After reviewing all of the evidence, the court decided, on the facts, that supplemental considerations necessitated a reduction of the requested child support increase by $100.

It appears the court considered the guidelines, the relevant financial testimony from the parties, the circumstances of both parents, T.S.D.'s needs, and the financial forms presented to the court. In addition, the court heard closing arguments from counsel prior to rendering a decision. The court's order of child support is supported by substantial competent evidence.

Affirmed.