In re the MARRIAGE OF Billie Jo
LADELY and Kenneth
LeRoy Ladely.

Upon the Petition of Billie Jo
Ladely, Appellant,

and Concerning Kenneth Leroy
Ladely, Appellee.

No. 90-1478.

Supreme Court of Iowa.

May 15, 1991.

C.M. Manly of Manly Law Firm, Grinnell,
for appellant.

William D. Olson and C. Jean Pendleton
of Charnetski, Olson & Lacina, Grinnell,
for appellee.

Considered by HARRIS, P.J., and
SCHULTZ, CARTER, LAVORATO, and
ANDREASEN, JJ.

PER CURIAM.

Petitioner, Billie Jo Ladely, challenges a
district court's award of child support in an
order modifying the decree dissolving her
marriage to respondent, Kenneth Leroy
Ladely. Although the district court deter-
mined that changed circumstances required
that Kenneth's child support obligation be
increased, it deviated from the child sup-
port guidelines in fixing the new level of
support. The court made a specific finding
that a strict application of the guidelines in
this case would be unjust. The reason
given for that conclusion was the financial
burden now imposed on Kenneth in sup-
porting his three children from his present
marriage.

Petitioner contends that child support
should be fixed in accordance with the
guidelines without consideration of the add-
ed costs attributable to a second family.
She seeks to make the increase in Ken-
neth's support retroactive to the date on
which her petition for modification was
filed. She also seeks an increased award
of attorney fees in the district court and
additional fees for taking this appeal.
Upon considering the arguments of the
parties, we affirm the judgment of the
district court with some modification.

The marriage of Billie Jo and Kenneth was dissolved in October 1982. At that time, they had one child, Amanda, age seven. Billie Jo was granted custody of Amanda, and Kenneth was originally ordered to pay $300 per month as child support.

As a result of unemployment and reduced earnings, Kenneth was successful in having his support obligation modified downward in January 1983 and again in July 1986. The most recent modification required Kenneth to pay $45 per week for Amanda's support and to provide medical insurance for her. Currently, $102 is deducted from Kenneth's biweekly paycheck under a wage assignment for this child support obligation.

On August 4, 1989, Billie Jo filed an application to modify Kenneth's child support obligation based on evidence that he had obtained a significantly higher paying job. Trial was held on September 5, 1990. The evidence revealed that, since the modified support order of July 1986, Kenneth's gross monthly earnings had increased from approximately $748 per month to $2573 per month. The district court concluded that Kenneth's increased earnings constituted a change of circumstances warranting an increase in his child support obligation for Amanda.

In reviewing the child support guidelines approved by this court on September 29, 1989, the district court found that, based on Kenneth's present monthly net income of $2112 and Billie Jo's net monthly income of $501, Kenneth's level of support to Amanda under the guidelines was $450.[1] The court found, however, that application of the guidelines to this particular situation would not be appropriate based on Kenneth's obligation to support his three other children from his second marriage. Consequently, the court only increased Kenneth's support obligation to Amanda to $325 per month effective twenty days following the modification order. The court ordered Kenneth to pay $750 toward Billie Jo's attorney fees incurred at trial.

We recognized in *In re Marriage of Bergfeld,* 465 N.W.2d 865 (Iowa 1991), that the new court-ordered child support guidelines promulgated in keeping with a legislative directive do not require modification of preexisting support orders absent some other change of circumstance sufficient to warrant modification under established case law. *Id.* at 869. We concluded, however, that, if such a change of circumstances is shown and an increased level of support required, the guidelines are to be applied in fixing the amount of the new award. *Id.* at 869–70.

If *Bergfeld* is followed in the present litigation, it is clear that the trial court was bound to resort to the guidelines to determine the presumptively correct level of child support required for Amanda. It is equally clear that the guideline criteria for determining net income do not allow deduction for the cost of supporting Kenneth's three children from his current marriage. What is not clear, and is the issue which prompts this appeal, is whether Kenneth's obligation to support his second family should be considered to be a special circumstance which justifies deviation from the guideline level of child support for Amanda.

We have recognized in *State ex rel. Department of Human Services v. Burt,* 469 N.W.2d 669, 670 (Iowa 1991), that ordinarily the mere fact that a child support obligor's actual living expenses make it burdensome to pay support at the guideline level is not a sufficient cause for deviating from the guidelines. We have also recognized in *Gilley v. McCarthy,* 469 N.W.2d 666, 668 (Iowa 1991), that the obligation to children born in wedlock and living with a child support obligor should not reduce support payments for the obligor's illegitimate child living outside the household beneath guideline levels.

The issue which this appeal presents is whether this jurisdiction should strictly ad-

---

1. Under guidelines currently in effect, the required level of support has risen to $511 per month.

here to the so-called "First–Mortgage" approach to second-family obligations. One writer has described this problem as follows:

> Under guidelines, the impact of new orders on second families raises important social issues. Should child support orders be fair to children of divorce at the expense of children of new intact families? Who pays the price for remedying old orders now viewed to be inadequate?
>
> . . . .
>
> The establishment of higher, more adequate child support awards under guidelines may affect the rate at which obligors can establish second families. [Some states' guidelines adopt] a "first mortgage" approach and argue that parents *should* be discouraged from having more children unless they are capable of contributing adequately to the needs of all their offspring.

Malone, *Modification Lives,* 10 Fam.Advoc. 42, 44 (Spring 1988). The author goes on to observe, however:

> A parent should meet his first family's needs before taking on new obligations— so runs the traditional concept. But when the definition of those needs changes in the middle of the game, that concept may become less persuasive, particularly if the result is suffering by a different class of children and families.

*Id.* Some courts, in keeping with these considerations, have considered the existence of the obligor's obligations to a second intact family to be a special circumstance justifying deviation from guidelines operable in their respective jurisdictions. *In re C.D.,* 767 P.2d 809, 812 (Colo.App.1988); *In re Marriage of Rosser,* 767 P.2d 807, 809 (Colo.App.1988); *People ex rel. Browning v. Melton,* 180 Ill.App.3d 519, 520–21, 129 Ill.Dec. 449, 450, 536 N.E.2d 133, 134 (1989); *State ex rel. Dix v. Plank,* 14 Kan. App.2d 12, 15–16, 780 P.2d 171, 174 (1989); *Hoover v. Hoover,* 106 Nev. 388, 793 P.2d 1329, 1330 (1990).

The official comment to Alaska's child support guidelines provides as follows:

> A parent with a support obligation may have other children living with him or her who were born or adopted after the support obligation arose. The existence of such "subsequent" children even if the obligor has a legal obligation to support these children, will not generally constitute good cause to vary the guidelines.

Official comment to Alaska R.Civ.P. 90.3 (1990). In a similar vein the Colorado court in *In re C.D.,* 767 P.2d at 812, although recognizing that a nonordered support obligation to a second family might occasionally require a deviation from the presumptive child support award owed to children from another marriage, indicated that deviation is permitted only upon the court's consideration of the following factors:

> [W]hether the non-ordered support obligation is capable of legal enforcement as opposed to an assumed or volunteered undertaking; whether the amount of the obligation to others is reasonable and necessary for the support of those for whom it is paid; whether and to what extent the claimed obligation is actually paid by the claimant; and whether and to what extent that actual payment affects the claimant's ability to meet the presumptively applicable support obligation in the proceeding before the court.

*Id.*

■ Giving due consideration to the problems which serial support obligations may create for a child support obligor, we believe that the district court's deviation from the child support guidelines in the present case was not warranted. The mere fact that Kenneth now has a new family to support is not sufficient to establish that application of the guidelines in fixing Amanda's support is inequitable. Kenneth's current wife has a modest income and helps support their family. The health care costs incurred by the family are largely covered by insurance. The record does not permit a finding that any necessary expenses incurred by Kenneth for his second family cannot be met by income available to the family, even if the support

obligation to Amanda is increased to the guideline level.

Based on the foregoing considerations, we modify the district court's support order and direct that Kenneth's monthly child support payment to Amanda be fixed at $450 retroactive to October 12, 1989, the date that the original child support guidelines became effective. Support payments to Amanda accruing on or after December 31, 1990, shall be $511 per month consistent with the current guidelines.

■ In reviewing the district court's award of attorney fees for the trial of this action, we find no abuse of discretion. We order that, in addition to those amounts, Kenneth pay the sum of $600 to apply toward Billie Jo's attorney fees on this appeal and be assessed with the other costs on appeal. The judgment of the district court is affirmed with respect to its determination that Kenneth's child support should be increased. It is modified with respect to the level of increased support so as to conform to the conclusions reached in this opinion.

AFFIRMED AS MODIFIED.