**STATE of Iowa ex rel. Mary
K. SHOARS, Appellant,**

v.

**Mark Steven KELLEHER, Appellee.**

No. 94–651.

Supreme Court of Iowa.

Oct. 25, 1995.

Thomas J. Miller, Attorney General, Gordon E. Allen, Deputy Attorney General, Kay Delafield, Assistant Attorney General, and Christian Smith, Assistant County Attorney, for appellant.

Michael M. McCauley of O'Connor & Thomas, P.C., Dubuque, for appellee.

Considered by HARRIS, P.J., and CARTER, NEUMAN, SNELL, and TERNUS, JJ.

HARRIS, Justice.

This appeal tests the authority of a trial court to estimate a party's income tax deductions in fixing the support due under Iowa's child support guidelines. Claiming practical necessity arising from unsupplied proof and the press of work, the court rejected a demand to calculate the exact deductions from tax tables, and instead used approximate figures. Although we are sensitive to the time demands cited by the trial court, we think the guidelines do not contemplate or allow approximation of the kind challenged here. We reverse and remand.

The State of Iowa, acting on an interstate request sent by the State of Georgia, filed an action against Mark Kelleher to establish paternity and collect for support of a minor child. Paternity was established, and the issue of child support was set for a separate hearing. The parties agreed to temporary support set at $310 per month, with a hearing on permanent support to be held at a later date. Three months prior to that hearing the court ordered Kelleher to answer the State's previously filed interrogatories within three weeks. Kelleher did not comply with this order until the very date of the support hearing.

At the hearing, Kelleher's tardy answers to the interrogatories, including his financial statement, were finally provided. These answers, along with testimony referring to W–2 forms and overtime pay, were the only evidence produced concerning Kelleher's earnings and deductions. The income figures were initially contested. The financial statement listed a gross weekly income of $450, with weekly deductions of $123 for tax withholdings, $35.62 for social security contributions, and $5.50 for union dues. Testimony revealed that Kelleher was required to work overtime hours in the winter months, and it was unclear whether this was accurately reflected in his financial statement. Kelleher estimated his annual net income, including overtime, was between $25,000 and $26,000. The State then accepted $26,000 as his approximate income.

From this bare record, the district court determined Kelleher's federal, state and social security withholdings to be approximately 38% of his gross income, leaving an approximate net income of $1350 per month. Applying the rate of 22.5% under the Iowa child support guidelines for one child, the court set support at $303 per month. The State challenged this approach, claiming that under the appropriate withholding tables the 38% figure approximated by the court overstated Kelleher's withholdings.

In rejecting the State's challenge, the court explained:

[I]n attempting to handle anywhere from ten to twenty cases in a three-hour period each Monday afternoon for child support purposes, it is necessary that some rules of thumb are used. Because normally the respondents are at or around minimum wage, the twenty percent rule of thumb has been used with general accuracy. [*See* Iowa Code § 252B.7A(1)(e) (1995).] Where the supporting parent's income is well above minimum wage, a higher estimate is used. If the State desires to introduce withholding tables, it may do so. However, it should then do so in all cases and the very time requirement of computations will reduce substantially the number of cases that can be heard in a given week.

■ The case is before us on the State's appeal from the trial court's interpretation of the guidelines. Although, under Iowa rule of appellate procedure 4, our review of the facts in this equity case is de novo, here there is no dispute concerning material facts. The challenge to the court's interpretation of the guidelines raises a legal question on which our review is on error.

■ I. The State's challenge is twofold. It first contends the burden of proof to show any deductions from income should rest on Kelleher. It also contends the trial court erred by in effect taking judicial notice of its 38% approximation. The State contends that only the deductions claimed on Kelleher's financial statement are to be considered in arriving at his net income, and that support should be set accordingly. This would increase Kelleher's monthly support obligation.

In arriving at a net monthly income figure, the child support guidelines permit only a specified number of deductions. Iowa Court Rules, Child Support Guidelines (3d ed. July 1995 Supp.). With regard to state and feder-

al income tax, the guidelines permit deductions only for "properly calculated withholding or estimated payments." At first glance, the term "estimated payments" may seem to permit the type of approximation used by the district court. But it is clear that the term "estimated payments" refers to the "estimated tax." Federal and state tax laws require a quarterly payment, at specified dates, of estimated taxes due from individuals (either wage or nonwage employees) with income not subject to withholding. *See* 26 U.S.C.A. § 6654 (1988); 47B C.J.S. *Internal Revenue* § 1136(1) (1990). We thus think the words "properly calculated" modify both the words "withholding" and "estimated payments," and the district court's use of approximated deductions was improper in this case.

■ This is not to say that the district court may never estimate the amount of deductions in arriving at a net income figure. Iowa Code section 252B.7A(1)(e) specifically provides:

> When the income information obtained pursuant to this subsection does not include the information necessary to determine the net monthly income of the parent, the unit may deduct twenty percent from the parent's gross monthly income to arrive at the net monthly income figure.

The district court could have applied this provision here, but we agree with the State that a proper reading of the statute placed the burden of proof on Kelleher to establish deductions over the 20% rule mentioned in the statute. *See Haynes v. Dairyland Mut. Ins. Co.*, 199 N.W.2d 83, 85 (Iowa 1972) (burden of proof of a factual issue, or at least the burden of going forward with the evidence on an issue should rest upon the party who has possession of the facts or information lacking to the other); Iowa R.App.P. 14(f)(5) (burden of proof ordinarily upon a party who would suffer loss if the issue were not established). The judgment of the trial court must be reversed and the case remanded for further proceedings in accordance with this opinion.

**REVERSED AND REMANDED.**