In re the MARRIAGE OF Leslie Louise HART and Kenneth Paul Hart.

Upon the Petition of Leslie Louise Hart, Appellant/Cross–Appellee,

and

Kenneth Paul Hart, Appellee/Cross–Appellant.

No. 95–0225.

Court of Appeals of Iowa.

Feb. 28, 1996.

William D. Werger of Hanson & Werger, Manchester, for appellant.

Daniel H. Swift of Swift & Swift, Manchester, for appellee.

Considered by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HAYDEN, Presiding Judge.

Leslie and Kenneth Hart were married in 1980. They have four children: Bryan, born in 1981; Sean, born in 1983; Eric, born in 1985; and Adam, born in 1986.

Leslie was thirty-six years old at the time of the dissolution hearing. She has a college degree in math and physical education and is certified to teach in both of these areas. When the parties separated in 1993, Leslie was teaching in Manchester, where she earned about $27,000. In 1994 Leslie quit her job as a teacher and became a full-time student at the University of Iowa in the area of civil engineering. She testified she expected to graduate in two or three years and would be able to earn at least $40,000 as an engineer.

Kenneth was also thirty-six years old at the time of the dissolution hearing. He is certified to teach in the area of industrial arts. During the marriage Kenneth obtained his master's degree and is also certified as an elementary counselor. He is employed as a school counselor and coach in Central City, where he earns about $28,000.

Leslie filed a petition for dissolution of marriage on March 7, 1994. The parties agreed Leslie would have physical care of the children while the case was pending. At about this same time, Leslie was considering going back to school. She planned to move

with the children to Nevada and attend Iowa State University. Kenneth protested this proposed move, and Leslie compromised by enrolling at the University of Iowa and commuting to class from Manchester.

The district court entered a dissolution decree for the parties on January 25, 1995. The court granted the parties joint legal custody of the children, with Kenneth having primary physical care. The court determined Kenneth presented more stability for the children at this point in time. Leslie was ordered to pay child support of $100 per month.

Leslie appealed the custody provision of the parties' dissolution decree. Kenneth cross-appealed, asking to have Leslie's child support obligation increased.

■ I. Our review of this equitable action is de novo. Iowa R.App.P. 4. We are not bound by the district court's findings of fact, but we do give them deference because the district court had an opportunity to view, firsthand, the demeanor of the witnesses when testifying. *In re Marriage of Brown*, 487 N.W.2d 331, 332 (Iowa 1992).

II. Leslie contends the district court should have awarded primary physical care of the children to her. She states she was the primary caretaker of the children during the marriage. She also asserts she should not be penalized for pursuing additional education. She testified she felt her decision to go back to school was in the long-range best interests of the children because it would increase her income potential. She believes the court improperly considered gender and because the children are all males, the court placed them with Kenneth. She also feels the court did not take full consideration of the fact Kenneth had an affair during the marriage.

■ The best interests of the children dominate our consideration in child custody cases. *In re Marriage of Brainard*, 523 N.W.2d 611, 614 (Iowa App.1994). Numerous factors exist to supplement the best interests standard, which are enumerated in Iowa Code section 598.41(3). *Id.* The critical issue in determining the best interests of the children is which parent will do better in

raising the children into healthy, content, well-adjusted young adults. *Id.*

■ We are not convinced the district court improperly considered gender. Furthermore, in our de novo review, gender is irrelevant, and neither parent has a greater burden than the other in attempting to gain custody in a dissolution proceeding. *In re Marriage of Rodgers*, 470 N.W.2d 43, 44–45 (Iowa App.1991). Additionally, while a parent's moral misconduct is a serious consideration, it is only one of several factors to be considered. *In re Marriage of Zabecki*, 389 N.W.2d 396, 398 (Iowa 1986).

■ We believe both Leslie and Kenneth are good parents and are capable of taking care of the children. The evidence presented at the trial, however, showed Kenneth had more stability in his life at the present time. Kenneth testified he intended to keep the children in the same school district and he did not plan to move from the area. There was evidence the children were very active in sports and did not want to change school districts. On the other hand, Leslie's future residence depends on where she obtains employment once she completes her degree as a civil engineer.

Also, Leslie admitted she sometimes hired a babysitter instead of asking Kenneth to care for the children, although she knew Kenneth was requesting more time with the children. She testified she was reluctant to increase Kenneth's visitation because it might appear she was unable to care for the children. In this instance, Leslie placed her concern with appearances at the dissolution hearing over the best interests of the children.

We determine primary physical care of the children should be placed with Kenneth. We affirm the custody decision of the district court.

III. Kenneth asks us to increase Leslie's child support obligation. The district court ordered her to pay $100 per month while she is a full-time student. Once she graduates and becomes employed, her child support obligation will be increased from the date she begins employment. Kenneth believes Les-

lie's child support obligation at the present time should be based on her income as a teacher before she voluntarily quit to become a full-time student.

■ In applying the child support guidelines, the court must determine the parents' current monthly income from the most reliable evidence presented. *In re Marriage of Powell*, 474 N.W.2d 531, 534 (Iowa 1991). This often requires the court to carefully consider all of the circumstances relating to the parents' income. *Id.*

■ We find Leslie's decision to go back to school was not made with the purpose of reducing her child support obligation. To the contrary, she expects to be better able to financially support the children once she graduates. Therefore, we believe the district court properly considered her current minimal income in assessing child support. Because Leslie earns less than $500 per month, the amount of child support she should be required to pay is discretionary. We affirm the district court's assessment of $100 per month while Leslie is a full-time student.

■ **IV.** Kenneth seeks attorney fees for this appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Hunt*, 476 N.W.2d 99, 103 (Iowa App.1991). We determine each party should pay his or her own attorney fees for this appeal.

We affirm the decision of the district court. Costs of this appeal are assessed one-half to each party.

**AFFIRMED.**