**STATE of Iowa ex rel. Karissa Cheney SPENCER, Appellee,**

v.

**Darrel WHITE, Appellant.**

No. 97–1500.

Court of Appeals of Iowa.

June 24, 1998.

J. Bryan Schulte of Bauer, Schulte, Hahn, Swanson & Brown, Burlington, for appellant.

Thomas J. Miller, Attorney General, Michael J. Parker, and Patricia McGivern, Assistant Attorneys General, and Melissa L. Gross, Assistant County Attorney, for appellee.

Michael G. Dieterich of Cahill, Dieterich & Schilling Law Office, Burlington, guardian ad litem for minor child.

Heard by CADY, C.J., and VOGEL and MAHAN, JJ.

CADY, Chief Judge.

Darrel White appeals a ruling by the district court in an action to modify a child support obligation that he was not entitled to a deduction for a second support obligation entered prior to the modification proceeding. We affirm the district court. Darrel is the father of three children. His first child, Karissa Cheney Spencer, was born to Tracy Spencer on April 21, 1991. His second child, Tristan White, was born to Kathy Jarrett on November 29, 1992. His third child, Mariah White, was born to Bobbie Moore on November 25, 1996.

On October 4, 1993, the district court entered a child support order requiring Darrel to pay support for Karissa in the amount of $192 per month. On September 13, 1995, the district court entered another support order requiring Darrel to pay support of $159 per month for Tristan. Darrel supports Mariah in his home.

In 1996, Tracy filed a request with the State Child Support Recovery Unit to review

and adjust the support obligation for Karissa. In response, White claimed he was entitled to calculate his net income under the uniform child support guidelines by deducting the amount of his child support obligation for Tristan. The State claimed the "prior obligation of child support" deduction under the uniform child support obligation only applied when the prior obligation predated the original support obligation. White asserted the deduction was available to him because his obligation for Tristan predated the request to modify his support obligation to Karissa. The dispute was eventually submitted to the district court for resolution.

The district court determined Darrel was not entitled to a deduction from his net income for child support paid for the benefit of Tristan. Instead, the district court determined Darrel was entitled to a qualified additional dependent deduction (QUADD). As a result, the district court entered an order modifying Karissa's child support from $192 per month to $270.55 per month. A QUADD deduction in the amount of $142 was taken in reaching this amount.

On appeal Darrel claims the district court erred by determining he qualified for a QUADD rather than a deduction based on a prior child support obligation. He maintains all child support orders predating the modification proceedings qualify for the prior child support obligation deduction.

■■■ We review a challenge to the district courts interpretation of the child support guidelines for errors of law. *State ex rel. Shoars v. Kelleher*, 539 N.W.2d 189, 190 (Iowa 1995). The child support guidelines are strictly followed in determining a parent's child support obligation. *State ex rel. Miles v. Minar*, 540 N.W.2d 462, 464 (Iowa App.1995). There is a rebuttable presumption child support determined by the application of the guidelines is correct. Iowa Code § 598.21(4) (1997); *In re Marriage of Thede*, 568 N.W.2d 59, 61 (Iowa App.1997).

■■■ The child support guidelines require a determination of the parties net monthly income. *See In re Marriage of Hart*, 547 N.W.2d 612, 615 (Iowa App.1996). The net income is calculated by subtracting specific deductions from the parties' gross income. *In re Marriage of Close*, 478 N.W.2d 852, 854 (Iowa App.1991). One such deduction is for a "prior obligation of child support." We have not previously considered whether the "prior obligation of child support" deduction is applicable to the circumstances presented in this case. The State, however, through the Department of Human Services, has addressed the issue in the comprehensive set of rules governing the review and adjustment of support promulgated in response to federal mandate. *See* 42 U.S.C. § 666 (1991); Iowa Code § 252H.12; 441 Iowa Admin. Code r. 99.1–5; Child Support Guidelines.

Iowa Admin. Code r. 441–99.2(4) provides that "[t]he date of the original court or administrative order, rather than the date of any modifications, shall establish a prior order under this subrule." Iowa Admin. Code r. 441–99.2(4) (1996). The qualified additional dependent deduction is then considered a deduction for any child for whom parental responsibility has been established as defined in the guidelines. *Id.* r. 441–99.2(8). The QUADD cannot be used if the parent is eligible for the deduction under rule 99.2(4). *Id.*

■■■ We conclude the district court properly determined Darrel's deductions. The Iowa Administrative Code clearly establishes the date of the original order as the date to be used for a "prior order" for the prior support deduction. Administrative rules have the force and effect of law. *Hildreth v. Iowa Dept. of Human Serv.*, 550 N.W.2d 157, 160 (Iowa 1996). Although we are not bound by them, we give them deference. *Sommers v. Iowa Civil Rights Comm'n.*, 337 N.W.2d 470, 472 (Iowa 1983). The deference is appropriate in this case because the administrative rules are consistent with our prior approach to the application of the guidelines to multiple family obligations. *See In re Marriage of Ladely*, 469 N.W.2d 663, 665–66 (Iowa 1991). The administrative rules, with the provisions for a QUADD, strike the proper balance between the interests of the children and those of the parents. *See Moore v. Kriegel*, 551 N.W.2d 887, 889 (Iowa App.1996).

The original order for Karissa's support came prior to the order for Tristan's support. Although Karissa's support was modified after Tristan's original support order was entered, we look to the date of the original order to determine whether a deduction based on a prior order is appropriate. Consequently, the district court did not err by finding Darrel was entitled to a QUADD in the amount of $142 for Tristan and Mariah.

**AFFIRMED.**