AMY J. RUPP, Individually and as Mother and Next Friend of CODY H. GRUBB, and STATE OF KANSAS, *ex rel.*, SECRETARY OF KANSAS DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES, *Appellants*, v. TOM GRUBB, *Appellee*.

No. 79,450

ANGELA M. DIEHL, Individually and as Mother and Next Friend of JACI L. GRUBB, and STATE OF KANSAS, *ex rel.*, SECRETARY OF KANSAS DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES, *Appellants*, v. TOM GRUBB, *Appellee*.

(962 P.2d 1074)

Opinion filed July 10, 1998.

*Lee A. Fisher*, of Kansas Department of Social and Rehabilitation Services, of Hays, argued the cause and was on the brief for appellant.

No appearance by appellee.

The opinion of the court was delivered by

MCFARLAND, C.J.: In separate paternity actions involving different mothers, respondent was found to be the father of two minor children. Child support orders were entered in both cases pursuant to the Kansas Child Support Guidelines, Supreme Court Administrative Order No. 107 (1997 Kan. Ct. R. Annot. 89). Subsequently, respondent filed motions in both cases to abate all child support on the grounds he had been convicted of seven felonies

involving a variety of drug crimes and was sentenced to serve a term of 188 months imprisonment.

The Kansas Department of Social and Rehabilitation Services (SRS) as assignee of both mothers defended against the motions, arguing reduction of child support would be contrary to the best interests of the children and that his incarceration was akin to voluntary unemployment and, thus, not a change in circumstance which would warrant modification. The district court entered orders modifying the child support obligations based upon respondent's prison income. SRS appeals from said orders. The two cases have been consolidated on appeal.

In *In re Marriage of Thurmond*, 265 Kan. 715, 962 P.2d 1064 (1998), we held that, as a matter of law, the incarceration of a parent, standing alone, is not legal justification for the modification or suspension of the parent's child support obligation previously determined under the Kansas Child Support Guidelines.

The only pertinent difference between the facts in *Thurmond* and the cases before us is that *Thurmond* arose out of a divorce action, while the child support orders before us arose from paternity actions. All original orders were determined under the Kansas Child Support Guidelines. Does this distinction require a different result? We believe not.

Paternity actions are brought under the Kansas Parentage Act, K.S.A. 38-1110 *et seq.* Divorce actions are under Article 16 of Chapter 60 of Kansas Statutes Annotated. K.S.A. 1997 Supp. 38-1121 and K.S.A. 1997 Supp. 60-1610 deal, *inter alia*, with determination of child support. As noted in dicta in *State ex rel. Dix v. Plank*, 14 Kan. App. 2d 12, 14, 780 P.2d 171 (1989), there are different factors to be considered in child support proceedings arising under each statute.

However, K.S.A. 20-165 provides:

"The supreme court shall adopt rules establishing guidelines for the amount of child support to be ordered in any action in this state including, but not limited to, K.S.A. 38-1121, 39-755 and 60-1610, and amendments thereto. In adopting such rules, the court shall consider the criteria in K.S.A. 38-1121."

As we noted in *Thurmond*:

"The Kansas Supreme Court was given the mandate in K.S.A. 20-165 to adopt rules establishing guidelines for the amount of child support to be ordered in any action in this state and has done so. The Child Support Advisory Committee, appointed by the Supreme Court, reviews the statewide child support guidelines, solicits public input regarding the guidelines, and makes recommendations to address new federal mandates such as the Family Support Act of 1988 (Pub. L. No. 100-485, 102 Stat. 2343 [codified in scattered sections of 42 U.S.C.]).

"The Kansas Child Support Guidelines are the basis for establishing and reviewing child support orders in the district courts in Kansas. Judges and hearing officers must follow the guidelines. Child support obligations are calculated by completing the Child Support Worksheets. Kansas Child Support Guidelines, § I (1997 Kan. Ct. R. Annot. 89). Use of the guidelines is mandatory and failure to follow the guidelines is reversible error. *In re Marriage of Schwein*, 17 Kan. App. 2d 498, Syl. ¶ 5, 839 P.2d 541 (1992); *In re Marriage of Schletzbaum*, 15 Kan. App. 2d 504, Syl. ¶ 4, 809 P.2d 1251 (1991). Any deviation from the amount of child support determined by the use of the guidelines must be justified by written findings in the journal entry. *Schwein*, 17 Kan. App. 2d at 511; *Schletzbaum*, 15 Kan. App. 2d at 507. Failure to justify deviations by written findings is reversible error. *In re Marriage of Emerson*, 18 Kan. App. 2d 277, 279, 850 P.2d 942 (1993)." 265 Kan. at 716.

The guidelines make no distinction between the two types of action in fixing the initial obligation or in modifications thereto. Obviously the guidelines are intended to and do have uniform application.

Our rationale in *Thurmond* for adoption of the no-justification rule applies equally to child support obligations which arise from paternity actions.

We therefore conclude that the rule adopted in *Thurmond*, a child support modification proceeding arising from a divorce action, applies equally to a child support modification proceeding arising from a paternity action.

Our holding herein may be summarized as follows: Where a parent is incarcerated in a correctional facility, the fact of incarceration, standing alone, is not legal justification for the suspension or modification of the parent's child support obligation previously determined under the Kansas Child Support Guidelines, following *Thurmond*, 265 Kan. 715. This rule applies irrespective of

whether the child support obligation arose from a divorce proceeding or a paternity action.

The judgment is reversed.

ALLEGRUCCI and SIX, JJ., dissenting.