NOT DESIGNATED FOR PUBLICATION

No. 114,384

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of
CRYSTAL A. REDDING,
*Appellee*,

and

JEFFERY S. REDDING,
*Appellant*.

MEMORANDUM OPINION

Appeal from Kiowa District Court; E. LEIGH HOOD, judge. Opinion filed March 25, 2016. Affirmed.

*Jeffery S. Redding*, appellant pro se.

*Elizabeth R. Cohn*, of Kansas Department for Children and Families, for appellee.

Before ATCHESON, P.J., BRUNS, J., and WALKER, S.J.

*Per Curiam*:  Jeffery Redding sought a reduction in his child support payments from the Kiowa County District Court because he has been convicted of a felony and is serving a prison sentence. The district court denied the motion in reliance on *In re Marriage of Thurmond*, 265 Kan. 715, 729-30, 962 P.2d 1064 (1998). Redding has appealed. We affirm.

Redding has represented himself throughout these proceedings. Navigating the judicial process can be an arduous task for the do-it-yourselfer. That's proved true here.

1

We see no dispute about the relevant facts, so the matters at hand present questions of law. In reviewing them, we owe no particular deference to the district court. See *Estate of Belden v. Brown County*, 46 Kan. App. 2d 247, 258-59, 261 P.3d 943 (2011).

The governing (and undisputed) facts may be stated briefly. Redding and his then-wife Crystal were divorced in 2010, and he was ordered to pay support for their three children. Redding remarried and had a child with his new wife. He then ran afoul of the law and is in the custody of the Kansas Secretary of Corrections.

Redding filed a motion to modify his child support payments because he earns next to nothing in his prison job. The district court denied the motion. As the district court noted, the Kansas Supreme Court held in *Thurmond* that incarceration alone does not warrant a reduction in child support. 265 Kan. at 729-30. The court reiterated that rule in *Rupp v. Grubb*, 265 Kan. 711, 713-14, 962 P.2d 1074 (1998). The rule remains unchanged and, thus, reflects controlling Kansas law.

On appeal, Redding seems to concede the rule in *Thurmond*. And even if he didn't, he would lose based on an argument that incarceration presents a proper reason for reducing child support obligations. We, therefore, affirm the district court on that basis.

But in his appeal, Redding asserts two other points he says require a deeper look at his situation. First, he says he also asked the district court to consider his remarriage and his additional child as reasons to reduce his support. As we view the record on appeal, Redding raised that issue in what amounts to a later, separate motion to modify support submitted to the district court. The district court has never ruled on that motion. We, therefore, question whether the point is even properly before us. In his appellate brief, Redding simply states as a legal conclusion that his remarriage and additional child

2

constitute necessary grounds for a reduction in support. He offers no explanation or legal authority supporting his conclusion. We customarily do not consider such abbreviated and unsupported arguments. See *State v. Llamas*, 298 Kan. 246, 264, 311 P.3d 399 (2013). We stick to that custom here. Without expressing any opinion on the merits of Redding's argument, we note that the Kansas Child Support Guidelines appear to be otherwise. See Guidelines III.B.6. (2015 Kan. Ct. R. Annot. 116) (considerations in establishing and modifying child support in multifamily situations).

Finally, Redding contends the district court violated his due process rights by failing to help him in filing his notice of appeal and apprising him of the need to submit a docketing statement to perfect an appeal. He is mistaken. A district court has no obligation to assist litigants representing themselves. See *In re Estate of Broderick*, 34 Kan. App. 2d 695, Syl. ¶ 6, 125 P.3d 564 (2005); *Mangiaracina v. Gutierrez*, 11 Kan. App. 2d 594, Syl. ¶¶ 1-2, 730 P.2d 1109 (1986). The courts are to hold those parties to the procedural rules just as they would parties represented by lawyers. In *In re Estate of Broderick*, 34 Kan. App. 2d 695, Syl. ¶ 6, this court recognized: "A [self-represented] party in civil litigation cannot expect the trial judge or an attorney for the other party to advise him or her of the law or court rules, or to see that his or her case is properly presented to the court."

We have carefully examined the arguments and the record and find no basis for upsetting the district court's decision declining to modify Redding's child support obligation.

Affirmed.

3